*In re:* JULIO CÉSAR GONZÁLEZ ROMÁN.

*Número:* O-72-315          *Resuelto:* 24 de mayo de 1973

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo; *José Ángel Cangiano* y *Julio Irving Rodríguez,* abogados del querellado.

PER CURIAM: El Hon. Procurador General de Puerto Rico formuló querella contra el querellado consistente de los siguientes cargos:

"1.—El 24 de marzo de 1969 el querellado observó una conducta ilegal y contraria a los cánones de ética profesional cuando en funciones investigativas como fiscal entró en la residencia de Francisca Burgos Avilés, mujer casada, en Coamo, Puerto Rico, y allí, mediante engaño y so pretexto de que realizaba actos religiosos llevó a dicha mujer a un cuarto de su residencia donde en forma maliciosa e inmoral y contrario a su ministerio le hizo quitar las ropas y quedarse en ropas menores pasando entonces sus manos sobre el cuerpo y partes pudentes [*sic*] de dicha Francisca Burgos Avilés.

"2. El 24 de marzo de 1969 el querellante [*sic*] observó una conducta ilegal y contraria a los cánones de ética profesional cuando actuaba en funciones investigativas como Fiscal y entró a la residencia de Aida Iris Zayas, menor de edad, en Coamo, Puerto Rico, y allí, mediante engaño y so pretexto de actos religiosos llevó a dicha menor a un cuarto de su residencia donde en forma maliciosa e inmoral y contrario a su ministerio le hizo quitar las ropas y quedarse en ropas menores pasando entonces sus manos sobre el cuerpo y partes pudentes [*sic*] de dicha Aida Iris Zayas."

El querellado en su contestación admitió el párrafo primero de la querella negando totalmente las aseveraciones contenidas en los cargos primero y segundo de la querella y exponiendo que dichos cargos "forman parte de una conducta reiterada, tanto de la Sra. Francisca Burgos Avilés como de la joven Aida Iris Zayas para desprestigiar y falsamente acusar no solamente al querellado, sino también a competentes y probos funcionarios judiciales quienes se han visto así mismo afectados por acusaciones viciosas como las que se plantean en este caso, . . . ." Negó también el querellado la aseveración tercera sosteniendo en su lugar que "el querellado durante toda su vida profesional ha cumplido totalmente con los cánones de ética profesional que rigen la conducta de los abogados en Puerto Rico y que su vida y su dedicación al

servicio público no se ajustan bajo ninguna circunstancia a lo maliciosa y viciosamente alegado por la señora Francisca Burgos Avilés y su hija Aida Iris Zayas."

El querellado no compareció personalmente a la vista celebrada por el Comisionado Especial. Su abogado no ofreció prueba alguna ni participó en el proceso del desfile de la prueba ni contrainterrogó a ninguno de los testigos a pesar de habérsele ofrecido la oportunidad para ello o para que hiciera constar sus objeciones a la ofrecida por el Procurador General.

El Comisionado Especial formuló las siguientes conclusiones de hecho:

"1. El querellado Julio César González Román es abogado autorizado en el Estado Libre Asociado de Puerto Rico desde el 5 de marzo de 1963 en que fue admitido al ejercicio de esa profesión por el Tribunal Supremo de Puerto Rico. El 24 de marzo de 1969 ejercía el cargo de Fiscal del Departamento de Justicia del Estado Libre Asociado de Puerto Rico.

2. Como parte de una investigación de naturaleza criminal solicitada por los esposos José Ismael y Francisca Burgos Avilés al querellado Julio César González Román le fue encomendada, en su capacidad de Fiscal del Departamento de Justicia, la realización de esa investigación, que envolvía unos hechos relacionados con el hijo del Sr. Zayas Torres procreado en un matrimonio anterior. Con motivo de esa encomienda acudió el querellado a la residencia de los esposos Zayas-Burgos del 51 de la Calle Baldorioty de Coamo, Puerto Rico, a eso de las 11:00 de la mañana del 24 de marzo de 1969. Estaban presentes en esa residencia dichos esposos, que reflejan tener poco más de 50 años de edad cada uno en la actualidad, así como Aida Iris, José Orlando y Violi, hijos de ambos, de 19, 15 y 14 años de edad respectivamente, entonces.

Apenas iniciada la conversación relativa a la investigación a realizar el querellado, trajo éste a colación el tema del 'Espiritismo', expresando a los esposos indicados y su hija Aida Iris que estaban ellos 'muy envueltos en el Espiritismo y el tenía que hacer algo'; ante los intentos de los esposos Zayas-Burgos de evadir la conversación iniciada y entrar a pasar a los hechos

relacionados con la investigación solicitada, insistió el querellado que se abstuvieran de explicarle al respecto ya que tenían 'mucha causa espiritual'; que estaban 'muy envueltos' y tenían que 'prepararse primero'. A instancia del querellado se obtuvo mediante compra de un estabecimiento cercano, denominado comúnmente 'botánica', dos botellas de 'Agua Florida' y un libro sobre la doctrina del 'Espiritismo'. Escribió el querellado sobre la etiqueta de una de las botellas 'Panchi' expresando que estaba destinada a la Sra. Francisca Burgos y sobre la otra 'nenas', haciendo análoga expresión en referencia a las hijas de ese matrimonio. Acto seguido pidió una copa en la que echó líquido de una de las botellas y simulaba, mirándola fijamente, una meditación de tipo 'religioso' a la vez que abría el libro indicado.

José Orlando, que había traído las botellas y el libro indicado se retiró del lugar así como Violi, no sin antes el querellado ponerle sobre la frente de ésta un poco de agua florida.

Mientras todo esto ocurría el Sr. Zayas Torres insistía en que se trajera a colación la investigación solicitada que condujo al Fiscal a esa residencia. El querellado hacía caso omiso, en cambio y continuaba sus comentarios de que estaban 'muy envueltos' y era necesario 'despojarles'. En este momento ya la Sra. Burgos y Aida Iris se encontraban claramente sugestionadas por el efecto influyente en ellas por el pretexto del querellado. Como era la hora del mediodía, el Sr. Zayas Torres, a instancia del querellado, se retiró a almorzar hacia la parte de atrás de la casa. Hizo esto el querellado a la vez que insistía en que era preciso que realizara un 'despojo de espíritu' de esas personas. Acto seguido condujo a la Sra. Burgos y a su hija a una de las habitaciones de la casa diciéndoles: 'a ustedes hay que despojarlas alante'. Cerró completamente la habitación y requirió que ambas permanecieran dentro de la misma en ropas menores o preferiblemente desnudas totalmente. La Sra. Burgos y su hija, cautivadas ya por la ardideza y simulación del querellado de que efectuaría seguidamente un acto propio de aquella enseñanza, accedieron. La madre permaneció en ropas menores y una batita sobre su cuerpo; la hija con el pecho desnudo ante la persistencia de aquél. El querellado, ya desenmascarado por sí, acostó la madre sobre la cama y con fines de claro aprovechamiento sensual y demostrando un apetito carnal desmedido, comenzó a pasarle las manos por sus senos al mismo tiempo que le derramaba 'agua florida'; con igual sentido le sobó sus muslos

y metió las manos entre éstos; sobó sus caderas; introdujo sus manos dentro de sus 'panties' con manifiesto propósito de tocar sus partes pudentes, [*sic*] a lo que ella se resistió 'trincándose'. Mientras todo esto ocurría, ella se mantenía completamente temblorosa, inmóvil, asustada, indefensa y sin posibilidad física de expresar palabra alguna. Estaba como muda y era para ella como una 'pesadilla', declaró.

Aida Iris se encontraba en igual estado y durante todo ese tiempo se mantuvo observando lo que ocurría dentro de la habitación sin poder expresar palabra. Al concluir con su madre, el querellado le requirió a Aida Iris que se quitara toda la ropa. Le dijo: 'Ven tu que tienes muchas más causa y tienes que ser despojada.' Ella resistió a quitarse la ropa completamente pero el querellado se lo requirió declarándole 'tienes que quitarte la ropa o si no te la quita el espíritu.' Su madre que permanecía aún inmóvil y atemorizada, intentó pronunciar alguna palabra para evitar que su hija se desprendiese de sus ropas lo que no pudo lograr completamente, alcanzando a hacer únicamente un gesto para evitar que ella prosiguiera desvistiéndose. Tuvo éxito parcial, a pesar de los insistentes requerimientos del querellado, logrando evitar que, a excepción de su pecho que quedó descubierto, se desprendiera del resto de sus prendas. Al igual que a su señora madre, el querellado le ordenó que se acostara y ya en la cama comenzó a pasarle sus manos por sus partes íntimas como lo hizo con aquella con un claro intento de despertar las pasiones o deseos sexuales bajo el pretexto que efectuaba un acto de la doctrina Espiritista, el que más aún simuló mediante murmullos o hablando a barbotones mientras se deleitaba carnalmente contra el pudor de esas personas. Esto era observado por su madre que como ella se encontraba aún bajo un completo estado de inmovilidad física y emocional.

3. Hecho esto el querellado exigió de ambas que no relataran lo ocurrido a su esposo y padre, lo que en adición impidió que hicieran mientras permaneció en esa residencia. Realmente no pudieron ellas hacerlo sino hasta momentos después de haber abandonado la residencia el querellado. Relataron al Sr. Zayas Torres lo acontecido esa misma tarde quien consternado dio de inmediato parte a la Fiscalía de Ponce donde acudieron a prestar las declaraciones juradas correspondientes sobre esos hechos."

Notificamos al querellado las anteriores conclusiones y le concedimos un término de 10 días para presentar sus objeciones. Dicho término ha transcurrido sin que el querellado haya comparecido en forma alguna.

Hemos examinado el récord del caso y estamos convencidos que las conclusiones del Comisionado Especial están ampliamente justificadas por la prueba.

En virtud de lo anterior *se suspende el querellado del ejercicio de la profesión de abogado y se ordena que su nombre sea eliminado de los registros de abogado.*

El Juez Asociado, Señor Díaz Cruz, no intervino.